## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MAI THI THU TRAN,**

    **Plaintiff,**

      **v.**

**CITIBANK, N.A.,**

    **Defendant.**

**Civil Action No. 15-1309 (JDB)**

## MEMORANDUM OPINION

This negligence lawsuit stems from allegedly unauthorized transfers from plaintiff Mai Thi Thu Tran's Citibank checking account. Defendant Citibank moved to dismiss, arguing that Tran's claims are time-barred under the bank's Client Manual, the Electronic Fund Transfer Act's (EFTA) statute of limitations, 15 U.S.C. § 1693m(g), and the District of Columbia's Uniform Commercial Code, D.C. Code § 28:4-406. Citibank also argues that D.C. law does not recognize claims for gross negligence. The Court agrees that Tran's claim based on the EFTA is time-barred and that her claim for gross negligence is not cognizable under D.C. law. However, her negligence claim is cognizable, and is not time-barred by either the Client Manual or D.C. law. Therefore, Citibank's motion to dismiss will be granted in part and denied in part.

## BACKGROUND

Tran alleges the following facts in her complaint. Tran is a "newly arrived immigrant from Vietnam" who "relies on a translator for English language communication." Compl. [ECF No. 1] ¶ 5. In April 2012, she met with a bank representative at one of Citibank's D.C. branches to discuss opening an account. Id. ¶ 6. During that initial meeting, she was presented with English language

1

documents to open an account and she deposited $200,000.  <u>Id.</u> ¶¶ 5–7.  She was not offered a translator.  <u>Id.</u> ¶ 7.  At some point between April 2012 and May 2014, approximately $170,000 was withdrawn from her account without her knowledge or authorization.  <u>Id.</u> ¶ 9.  Tran suspects her estranged husband is responsible for the unauthorized withdrawals.  <u>Id.</u> ¶ 14.

Tran reported these improper transactions to a Citibank branch manager in May 2014.  <u>Id.</u> ¶ 11.  She then "secured legal counsel and executed a power of attorney on May 19, 2014."  <u>Id.</u> ¶ 12.  Despite obtaining English-speaking representation in May 2014, Tran did not file this lawsuit until August 13, 2015—more than a year after discovering the unauthorized transactions.  Her complaint asserts two counts of negligence against Citibank.  The first count is simultaneously titled "negligent business transaction" and violation of the EFTA.  <u>Id.</u> at p. 3.  Tran alleges that the bank failed to protect her account from unauthorized withdrawals, failed to "ensure that [she] understood critical account terms and conditions," permitted "large sum withdrawals from [her] account, both in-person and through automated teller" by a person not listed on the account, and failed to act within "reasonable commercial standards."  <u>Id.</u> ¶¶ 18–22.  The second count, gross negligence, alleges similar misconduct: Citibank grossly deviated from the ordinary standard of care by failing to ensure that Tran understood the contract at the initial meeting and understood the subsequent account disclosures, as well as by failing to prevent the unauthorized transactions on her account.  <u>Id.</u> ¶¶ 34–39.

Citibank has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Tran's claims are time-barred under the one-year limitation period for filing suit set out in the bank's Client Manual or, in the alternative, the applicable statutes of limitations under the EFTA and D.C. law.  Def.'s Mem. in Supp. Mot. to Dismiss [ECF No. 10-1] at 6–10.  Tran replies that she cannot be held to the Client Manual's terms because the documents that she

executed upon opening her account were given to her in English and no translator was offered or provided to her.  Compl. ¶¶ 7, 24.  The Court then ordered supplemental briefing to address whether Tran signed any document assenting to the terms of the Client Manual, and whether any document she signed adequately incorporated the Client Manual.  Aug. 5, 2016, Order [ECF No. 15]; see also Hirsch v. Citibank, N.A., 603 F. App'x 59, 60 (2d Cir. 2015) (nonprecedential) (Citibank's "signature cards were so broadly worded that a reasonable person would not be on notice as to what external terms and conditions applied to the agreement to open the account").  In her supplemental memorandum, Tran alleges that she never completed a signature card when opening the account in April 2012 and therefore is not bound by the Client Manual.  See Pl.'s Suppl. Mem. [ECF No. 19].  Although Citibank disputes this, noting that it generally requires new clients to complete a signature card, it has not produced a signature card signed by Tran or any evidence that she signed one.  See Def.'s Suppl. Mem. [ECF No. 17] at 1; Def.'s Aff. of Karen Biggs [ECF No. 18-1] ¶ 4.

## DISCUSSION

At the motion to dismiss stage, all of the plaintiff's factual allegations are taken as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In order to survive a 12(b)(6) motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  Id. (internal citation omitted).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  However, the Federal Rules "require[] simply a 'short and plain statement of the claim' in a complaint," and do not require a plaintiff to anticipate and respond to affirmative defenses.  Jones v. Bock, 549 U.S. 199, 212 (2007) (quoting Fed. R. Civ. P. 8(a));

McNamara v. Picken, 866 F. Supp. 2d 10, 17 (D.D.C. 2012).  It is still possible, though, for a complaint to plead itself out of court and be conclusively time-barred on its face, in which case dismissal under Rule 12(b)(6) is appropriate.  Jones, 549 U.S. at 215.  In ruling on a motion to dismiss, the Court may consider documents referenced in but not attached to a complaint without converting it to a motion for summary judgment.  See, e.g., Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004).

The Court can dispense quickly with Tran's gross negligence claim because the District of Columbia does not recognize degrees of negligence outside of situations in which such degrees are statutorily laid out.  Hernandez v. District of Columbia, 845 F. Supp. 2d 112, 115–16 (D.D.C. 2012).  Tran points to no such statute here, and hence her gross negligence claim does not survive.

The Court can similarly dispose of her EFTA claims.  The EFTA, 15 U.S.C. §§ 1693– 1693r, governs transfers of funds that originate electronically.  Id. § 1693a(7).  It requires that "any action . . . be brought . . . within one year from the date of the occurrence of the violation."  Id. § 1693m(g).  Tran's complaint does not allege when the funds were withdrawn from her account. Viewing the facts in the light most favorable to her, the Court will assume that all of the allegedly unauthorized transactions occurred in May 2014—when she discovered them.[1]  Tran did not file this suit until August 13, 2015—more than a year later—and therefore any claims arising under the EFTA are untimely.

What remains is Tran's negligence claim.[2]  Citibank argues that this claim is time-barred under the D.C. Uniform Commercial Code, D.C. Code § 28:4-406(f).  The D.C. Code, rather than

---

[1] In the District of Columbia, the cause of action accrues at the time of injury.  The discovery rule, under which the cause of action accrues at the time it is discovered, tends only to apply in cases in which "the actual injury manifests itself only years after the negligent act."  Woodruff v. McConkey, 524 A.2d 722, 727 (D.C. 1987).  The Court has given Tran the benefit of the doubt in assuming her injuries all occurred right before they were discovered.

[2] Tran pleads that the Court has federal question jurisdiction based on the EFTA claim, but cites the statutory authority for diversity jurisdiction, 28 U.S.C. § 1332.  See Compl. ¶ 2.  Any federal question jurisdiction that the Court

the EFTA, applies to any withdrawals originating by non-electronic means such as checks. Peters
v. Riggs Nat'l Bank, N.A., 942 A.2d 1163, 1166 (D.C. 2008); 15 U.S.C. § 1693a(7) (EFTA does
not govern "a transaction originated by check . . . or similar paper instrument"). Section 28:4-
406(f) of the D.C. Code states: "a customer who does not within one year after the statement or
items are made available to the customer . . . discover and report the customer's unauthorized
signature on or any alteration on the item is precluded from asserting against the bank the
unauthorized signature or alteration." Citibank argues that this provision limits Tran from bringing
any claims against Citibank more than a year after the violation occurred. But this is incorrect.
The statute "establishes an absolute notice requirement," not a limitations period. See Peters, 942
A.2d at 1167. Thus, Tran had one year after she received a statement indicating that the
unauthorized withdrawal was made to notify the bank of the unauthorized withdrawal, should she
wish to preserve a right to bring suit at a later date. Because at this stage we have assumed that
the unauthorized withdrawals occurred in May 2014, the same month that Tran reported the
withdrawals to the bank, Tran would easily meet this requirement. Thus, Tran's claims are not
time-barred under D.C. Code § 28:4-406(f).

Finally, Citibank argues that the Client Manual bars Tran's remaining negligence claim.
While the default statute of limitations in D.C. is three years from when the claim accrued, see
D.C. Code § 12-301(8), this limitations period may be shortened by contract, see Peters, 942 A.2d
at 1167–68. The Client Manual provides that: "Unless otherwise required by law, an action,
proceeding or arbitration by [the client] to enforce an obligation, duty or right arising under this
Agreement or by law with respect to [the client's] account or any account service must be

---

would have under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367 over the related state-law
claims, will longer exist after the Court dismisses Tran's EFTA claim. However, the Court notes probable diversity
jurisdiction under 28 U.S.C. § 1332: Tran is a citizen of Virginia and Citibank appears to be incorporated in Delaware
with its principal place of business in New York.

commenced within one (1) year after the cause of action accrues." Client Manual [ECF No. 10-2] at 11; see also id. at 13 (requiring that "any suit or demand for arbitration . . . based on an account error, discrepancy, or unauthorized transaction must be" filed within one year after the first account statement on which the problem appears). Tran alleges that "[i]n May of 2014, after discovering that her accounts had been misappropriated, [she] immediately notified [the bank branch manager]." Compl. ¶ 11. Tran did not file this suit until August 13, 2015, more than a year after she discovered the unauthorized withdrawals. Thus, if the Client Manual governs, then even assuming that the claim accrued at the time Tran discovered it, her claims would fall outside of the one-year deadline.

However, Tran alleges sufficient facts to indicate that she may not be bound by the Client Manual. In her complaint, Tran asserts that the Client Manual should not control because there was no "meeting of the minds between the parties" given that the documents she allegedly signed to open an account were in English. Pl.'s Opp. Mot. to Dismiss [ECF No. 13] at 2, 5. But leaving aside the question whether the language barrier prevented a contract from being formed, it is apparent from the parties' supplemental briefing that they dispute whether Tran signed any documents consenting to the terms of the Client Manual in April 2012. Tran asserts that she did not. Pl.'s Suppl. Mem. at 2. Citibank disputes this, but provides only a blank signature card and asserts that its regular business practice is to require new clients to complete a "signature card" assenting to the Client Manual. Def.'s Suppl. Mem. at 1; Def.'s Aff. of Karen Biggs ¶ 4.[3] Because at this time the Court will assume that Tran's assertion is true, Citibank's assertions are insufficient

---

[3] Citibank also attaches a signature card that Tran executed on June 23, 2014, when she granted a third person power of attorney on her account. See Ex. B. to Def.'s Reply [ECF 14-2]. Tran does not dispute the authenticity of this document. However, this signature card was executed after the events in question here (which occurred between April 2012 and May 2014), and Citibank does not argue that Tran's June 23, 2014 signature applies to unauthorized withdrawals occurring prior to that date.

to establish that Tran is bound by the Client Manual.  For now, Tran's negligence claim accordingly survives the argument that it is time-barred by the terms of the Client Manual, and Citibank's motion to dismiss that claim will be denied.

## **CONCLUSION**

The Court therefore will grant defendant Citibank's motion to dismiss with respect to Tran's claims under the Electronic Fund Transfer Act and for gross negligence, and will deny the motion to dismiss the remaining negligence claim.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: <u>September 23, 2016</u>